```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABE HAROLD, III, | No. 21-cv-0501 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| POLICE OFFICER DANIEL BAGLEY, et al., | |
| Defendants. | |

APPEARANCE:

Abe Harold, III
950275B
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

    Plaintiff Pro se

James R. Birchmeier, Esq.
Birchmeier & Powell, LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

    Attorneys for Cumberland County Jail[1]

---

[1] Counsel for Cumberland County jail entered an appearance to address the Court's Order to Show Cause regarding the jail's failure to submit payments required under 28 U.S.C. § 1915. ECF Nos. 9-11. That issue has since been resolved, and Plaintiff makes no allegations against the Jail in this action. Accordingly, the Court will instruct the Clerk to dismiss the Jail from this action.

1

HILLMAN, District Judge

    Plaintiff Abe Harold, a prisoner presently confined in Southern State Correctional Facility, moves to amend his complaint. See ECF No. 12. The Court will grant the motion to amend and review the amended complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, the amended complaint will be dismissed without prejudice. The Court will grant Plaintiff leave to amend for a second time.

I. BACKGROUND

    Plaintiff's original complaint was filed on January 11, 2021. ECF No. 1. The Court administratively terminated the complaint as Plaintiff did not pay the filing fee or submit an in forma pauperis application. ECF no. 3. Plaintiff later submitted an in forma pauperis application, ECF No. 4, which the Court granted upon reopening the matter, ECF No. 5.

    Plaintiff alleges that Defendant Daniel Bagley, a Bridgeton police officer, "failed to do arrest procedures and filed a complaint warrant maliciously." ECF No. 1 at 5. He states Defendant Bagley "generated a complaint warrant with insufficient evidence to establish probable cause mainly by not identifying me with certainty and the Affidavit of Probable Cause lacking every element of the offense to support the statue [sic], doing so with malicious intent." Id. at 10. In a supplement, Plaintiff alleges Defendant Bagley "bypass[ed]

2

policies and customs" in arresting Plaintiff and "harassed [him] on numerous occasions by unlawfully detaining [Plaintiff] to inquire about other police actively that [he] had no knowledge of or involvement."  ECF No. 6 at 1.  Plaintiff also alleges Defendant Bagley committed perjury in his police report.  ECF No. 7 at 3.

Plaintiff also seeks to bring claims against several Cumberland County prosecutors, his criminal defense attorneys, and the judge overseeing his criminal case.  ECF No. 12.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A party has the right to amend his or her "pleading once as a matter of course" 21 days after service of the pleading or 21 days after a motion under Rule 12 is filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiff filed a request to amend his complaint before the Court screened the original complaint or ordered service; therefore, Plaintiff may amend his complaint a matter of course. Plaintiff incorporates the original complaint, so the Court will consider both documents to be the "amended complaint" for purposes of its § 1915 review.

A.   Police Defendants

Plaintiff alleges that Defendant Bagley maliciously filed a complaint warrant against him by submitting "an insufficient statement of probable cause . . . without being certain I was the accused." ECF No. 1 at 8. He vaguely states that Defendant Bagley failed "to make an arrest, failed to inform me of the offense charged and of the fact that a warrant had been issued

4

he failed to do arrest identification procedures, he failed, to execute the warrant and make promt [sic] return to the court and failed to identify me with reasonable certainty." Id. at 10. Plaintiff further states Defendant Bagley never provided Plaintiff with a copy of the complaint despite Defendant Bagley stating in his police report that he had done so. Id.; ECF No. 7 at 3. He also alleges a violation of his Fourth Amendment right against unreasonable searches and seizures based on an encounter with Defendant Bagley and another officer on the street. ECF No. 7 at 3.

Plaintiff has not stated a claim for false arrest. He acknowledges his arrest was done pursuant to a warrant, and "[w]here the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" Messerschmidt v. Millender, 565 U.S. 535, 546 (2012) (quoting United States v. Leon, 468 U.S. 897, 922–23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Id. at 547 (quoting Leon, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" Id.

5

Plaintiff has not met the high standard required to overcome the presumption of reasonableness because he has not provided any information about the affidavit other than his claim that it contained "insufficient evidence," failed to "identify[] [him] with certainty" and "lack[ed] every element of the offense . . . ." "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot reasonably infer Defendant Bagley submitted an obviously deficient affidavit of probable cause without more facts.

Plaintiff also claims that Defendant Bagley's failed to provide him with the complaint "[h]owever, under neither federal statutory law, nor under Constitutional law, is [defendant] provided the right to be shown an arrest warrant at the time of arrest." Lewis v. Nelson, 113 F.3d 1246 (Table), 1997 WL 291177, at *3 (10th Cir. 1997). See also United States v. Cox, 553 F. App'x 123, 128 (3d Cir. 2014)(declining to decide whether failure to show warrant during arrest justifies dismissal of criminal complaint, but stating standard would require a minimum showing of "prejudice" or "intentional and deliberate disregard"); United States v. Turcotte, 558 F.2d 893, 896 (8th

6

Cir. 1977) ("We find no merit to appellant's contention that his arrest was unlawful due to the failure of the arresting officer to serve him with a copy of the arrest warrant."); Richardson v. Kimbrough, No. 16-5931, 2017 WL 6311511, at *2 (D.N.J. Dec. 8, 2017) ("The Court's research revealed no support for Ms. Richardson's theory that an improper arrest claim under § 1983 may be based on the mere failure to show the arrest warrant at the time of execution.").

Plaintiff also has not stated a malicious prosecution claim against Defendant Bagley. The Supreme Court recently defined "the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'" Thompson v. Clark, __ S. Ct. ____, 2022 WL 994329, at *4 (U.S. Apr. 4, 2022) (quoting T. Cooley, Law of Torts 181 (1880)). For the final element, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." Id. at *7. Plaintiff has not stated any facts indicating that the criminal proceedings against him ended without a conviction; therefore, he has failed to state a malicious prosecution claim.

7

To the extent Plaintiff asserts Defendant Bagley perjured himself when he claimed to have sent a copy of the complaint to Plaintiff, there is no standalone § 1983 claim for perjury. See Rosado v. Dugan, No. 19-5068, 2022 WL 103192, at *3 (E.D. Pa. Jan. 11, 2022) (citing Kulwicki v. Dawson, 969 F.2d 1454, 1467, n.16 (3d Cir. 1992)).  Alleged perjury may be relevant in a probable cause or malicious intent analysis, but the Court will dismiss the separate perjury claim.

Finally, Plaintiff alleges Defendant Bagley and Defendant Officer John Doe stopped him on the street "without probable cause or an arrest warrant" and "detained [him] for [approximately] 45 minutes" and "interrogated me without reading me my rights and trying to forcefully make me get inside their police vehicle . . . ."  ECF No. 6 at 4.  Plaintiff has not stated a plausible unreasonable seizure claim based on these "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court assumes for screening purposes only that the stop qualifies as a "seizure" within the meaning of the Fourth Amendment, but there are not enough facts for the Court to reasonably infer the seizure was unreasonable under the circumstances.[2]

---

[2] "To establish an unlawful seizure under the Fourth Amendment, a plaintiff must show that the defendant's actions: (1) constituted a 'seizure' within the meaning of the Fourth Amendment, and (2) that seizure was 'unreasonable' in light of

Plaintiff's statements that the stop lacked probable cause and he was "interrogated" are legal conclusions that the Court need not accept as true for screening purposes. See Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir. 2016) (noting that an "allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint [when] it embodies a legal point").  The Court accepts the allegation that the officers tried to get Plaintiff into their vehicle, but that fact by itself is not enough to state an unreasonable seizure claim. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Plaintiff must provide enough facts about the circumstances surrounding the stop before the Court can reasonably infer that Defendants' actions violated the Fourth Amendment.

Plaintiff has also failed to state a claim against the Bridgeton Police Department. ECF No. 6.  The Bridgeton Police Department is not a separate legal entity from the municipality, and a plaintiff may sue a local government under § 1983 only for

---

the surrounding circumstances." Houck v. Ferrari, 57 F. Supp. 3d 377, 388 (D.N.J. 2014) (citing Brower v. County of Inyo, 489 U.S. 593, 595-600 (1989)).

acts implementing an official policy, practice, or custom. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91 (1978). To plausibly plead Monell liability, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and show a causal link between execution of the policy and the injury suffered. Harley v. City of New Jersey City, No. 16-5135, 2017 WL 2774966, at *7-8 (D.N.J. June 27, 2017). Plaintiff does not claim Bridgeton enacted policies that caused violations of his constitutional rights, nor are there enough facts to reasonably infer Bridgeton failed to supervise Defendant Bagley. The Court will dismiss this claim without prejudice.

B. Prosecutor Defendants

Plaintiff also seeks to bring malicious prosecution claims against Defendants Jasmine Ostrow, Meghan Pricefurfari, Holly Fanelle, and Deirdre Macfeeters (collectively the "Prosecutor Defendants"), who are assistant prosecutors with the Cumberland County Prosecutor's Office. ECF No. 1 at 5-6; ECF No. 12 at 4. The Court will dismiss these claims with prejudice based on prosecutorial immunity.

Plaintiff alleges the Prosecutor Defendants "chose to persue [sic] prosecuting a defective complaint Warrant . . . ." ECF No. 1 at 5-6. "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." Kulwicki v. Dawson,

10

969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  See also Burns v. Reed, 500 U.S. 478, 486 (1991); Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020).  "A prosecutor is absolutely immune when making this decision, even where [she] acts without a good faith belief that any wrongdoing has occurred."  Kulwicki, 969 F.2d at 1464.  The Prosecutor Defendants have absolute immunity from claims arising from their decisions to begin a prosecution against Plaintiff.[3]

Plaintiff also claims the Prosecutor Defendants failed to provide him with discovery.  ECF No. 12 at 2-4.  However, "[t]he disclosure of evidence during discovery is 'intimately associated with the judicial phase of the criminal process.'" Kamienski v. Ford, 844 F. App'x 520, 523 (3d Cir. 2021) (citing Fogle, 957 F.3d at 159-60).  The Court will dismiss these claims with prejudice as well.  28 U.S.C. § 1915(e)(2)(B)(iii).

C.  Defense Attorney Defendants

Plaintiff also seeks relief from defense attorneys Emily Bell and Michael Ortiz.  ECF No. 12 at 3-4.  Plaintiff alleges that Defendant Ortiz, a Cumberland County Public Defender,

---

[3] Even if absolute immunity did not apply, Plaintiff has not satisfied the requirements for a malicious prosecution claim because he has not alleged that his criminal proceedings ended without a conviction.  Thompson v. Clark, __ S. Ct. ____, 2022 WL 994329, at *7 (U.S. Apr. 4, 2022).

11

"failed to keep [Plaintiff] informed about the status of the legal proceedings" and "did not abide by [Plaintiff's] decisions concerning the objective of representation." Id. at 4.  To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).  The Court will dismiss the claims against Defendant Ortiz with prejudice because "public defenders are not state actors under § 1983 when they 'perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  Rambert v. Dist. Att'y Philadelphia, No. 20-1593, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)) (alteration in original).  Therefore, Plaintiff has failed to state a claim against Defendant Ortiz under § 1983.

The Court will also dismiss the § 1983 claims against Defendant Bell with prejudice.  ECF No. 12 at 3.  Plaintiff alleges Defendant Bell "withdrew from her representation as my attorney incorrectly"; "did not keep me informed about the status of the legal proceedings"; "did not abide by my decisions"; and "made false statement to the Judge and me." Id. at 3-4.  Defendant Bell is a private attorney whom Plaintiff

12

retained to perform legal services. See id. at 12 (asking the Court to order Defendant Bell to return the retainer). There are no facts that would support a reasonable inference that Defendant Bell ever acted on behalf of the State during her representation of Plaintiff. Therefore, Plaintiff's claims against her must fail as Plaintiff has not alleged all the elements of a claim under § 1983.[4]

D. Judge Malestein

Plaintiff also seeks to bring claims against Defendant Judge Malestein for due process violations. ECF No. 12. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" Stump v. Sparkman, 435 U.S. 349, 356 (1978). See also Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost

---

[4] The Court notes that ineffective assistance of counsel claims of the kind Plaintiff alleges are generally not cognizable under § 1983 and would be more appropriately considered as part of postconviction review or ethics complaint with the relevant governing body. Although Plaintiff's claims against his attorneys are dismissed with prejudice for purposes of this complaint and § 1983, the dismissal is without prejudice to his right to raise ineffective assistance of counsel claims in any postconviction review application, if necessary, that otherwise complies with the relevant statutes.

merely because the judge's action is 'unfair' or controversial.").

As a judge of the Cumberland County Superior Court, Defendant Malestein is "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359. "[Judicial] immunity is overcome in only two sets of circumstances." Mireles, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 12.

Plaintiff alleges Defendant Malestein "forced" Plaintiff to proceed pro se during arraignment; "initiated ex parte communication"; "allowed counsel to excuse herself incorrectly"; "gave an opinion in the action"; "testified as a character witness"; "lent the prestige of office to advance the private interests" of Defendant Bell; and "did not avoid all impropriety and appearance of impropriety." ECF No. 12 at 5.

Plaintiff's allegations that Defendant Malestein "gave an opinion in the action," "testified as a character witness," and "lent the prestige of office to advance the private interests" of Defendant Bell are based on Defendant Malestein permitting Defendant Bell to withdraw from representing Plaintiff. Id. at

14

9.  Plaintiff alleges Defendant Malestein allowed Defendant Bell to "recuse herself incorrectly" claiming there was a "failure in the line of communication" between her and Plaintiff.  Id.  Plaintiff states he had "provable facts" disputing Defendant Bell's account, but Defendant Malestein "stated 'From the way you are acting there probably was a failure in the line of communication.'"  Id. at 10.  Plaintiff alleges this was a statement of opinion and character testimony that "lent the prestige of office to advance the private interests" of Defendant Bell.

Plaintiff alleges that Defendant Malestein initiated "ex parte communication" after the arraignment.  ECF No. 12 at 10.  Plaintiff states he requested discovery from Defendant Fanelle and wrote to Defendant Malestein when he did not receive a response.  Id. at 18.  Defendant Malestein forwarded Plaintiff's letter to Defendant Ortiz and copied Defendant Macfeeters and Plaintiff on his letter to Defendant Ortiz.  Id. at 19.  "By copy of this correspondence to the defendant, I am advising them that it is inappropriate for defendant to communicate directly with the Court in that it is an ex parte communication."  Id.

Defendant Malestein has absolute judicial immunity for Plaintiff's allegations.  Conducting arraignments and ruling on an attorney's motion to withdraw are functions normally performed by judges, qualifying as "judicial acts."  Stump, 435

U.S. at 362.  Defendant Malestein's letter to Defendant Ortiz also falls within the scope of judicial acts because he was forwarding a communication from Plaintiff, Defendant Ortiz's client, that had been sent to him in his capacity as the judge presiding over Plaintiff's criminal case.  Id. (noting "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity").  Even if this act was part of a judge's administrative duties to which absolute immunity would not apply, Defendant Malestein would have qualified immunity because sending Plaintiff's defense counsel a letter Plaintiff wrote and improperly sent Defendant Malestein is not a violation of Plaintiff's constitutional rights.  The Court concludes Defendant Malestein's actions fall squarely within the judicial function and within his jurisdiction as the presiding officer of Plaintiff's criminal trial.  Accordingly, he is immune from suit, and the Court will dismiss the claims with prejudice.

E.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will

16

grant leave to submit a proposed second amended complaint as it is possible Plaintiff may be able to allege facts that would cure the deficiencies in his claims against the police defendants. The proposed second amended complaint will be subject to this Court's § 1915 review prior to service and may not adopt or repeat claims that have been dismissed with prejudice by the Court.[5] Failure to submit a proposed second amended complaint within the time set by the Court may result in dismissal with prejudice.

IV. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion to amend. ECF No. 12. The amended complaint will be dismissed, and Plaintiff is granted leave to file a proposed second amended complaint within 45 days of this Opinion and Order.

An appropriate order follows.

Dated: April 12, 2022                         s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[5] The Court further notes that dismissal of Plaintiff's state charges is not an available remedy under 42 U.S.C. § 1983 as such relief is confined to habeas corpus actions under 28 U.S.C. § 2241 and § 2254.

17